NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 22 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HECTOR MORALES-GONZALEZ,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-3156

Agency No.
A208-766-490

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 20, 2025[**]
Phoenix, Arizona

Before: TALLMAN, BADE, and LEE, Circuit Judges.

Hector Morales-Gonzalez, a native and citizen of Mexico, petitions for review of the denial of his application for cancellation of removal under 8 U.S.C. § 1229b(b)(1). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Where, as here, the Board of Immigration Appeals (BIA or Board) affirms without opinion, we review the Immigration Judge's (IJ) decision as if it were the Board's. *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 851 (9th Cir. 2003). We review whether the IJ failed to apply a controlling legal standard de novo. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 979–80 (9th Cir. 2009), *abrogated on other grounds by*, *Wilkinson v. Garland*, 601 U.S. 209 (2024).

1.  Morales-Gonzalez argues that the IJ failed to conduct a cumulative analysis of all evidence relevant to hardship. The government contends we cannot consider this argument because it was not properly exhausted. We conclude that we can consider Morales-Gonzalez's argument, but we uphold the agency's decision.

In his notice of appeal and brief to the BIA, Morales-Gonzalez argued the IJ failed to address all relevant hardship factors—specifically, his wife's medical condition and that if removed, he would financially support his mother living in Mexico, which in turn would result in additional hardship to his qualifying relatives. While he now asserts that the IJ overlooked additional hardship factors, his general contention that the IJ did not cumulatively assess all hardship factors was sufficient to exhaust the issue. *See Gonzalez-Castillo v. Garland*, 47 F.4th 971, 980 (9th Cir. 2022) (explaining that "general contentions" can satisfy the exhaustion requirement where "they put the BIA on notice of the contested

issues").

Although exhausted, this argument fails on the merits because the IJ applied the correct legal standard and assessed the hardship factors individually and cumulatively before determining that Morales-Gonzalez failed to show his removal would result in "exceptional and extremely unusual hardship" to his U.S.-citizen wife and son.

2.    Morales-Gonzalez also contends that the IJ's hardship determination was based on speculation and therefore not supported by substantial evidence.  We cannot consider this argument, however, because Morales-Gonzalez did not raise it before the BIA (even in general fashion) and thus failed to exhaust administrative remedies.  *See* 8 U.S.C. § 1252(d)(1); *Gonzalez-Castillo*, 47 F.4th at 980.

**PETITION FOR REVIEW DENIED.**